White, J.
The indictment in this case is bad, on two grounds:
1. The falsity of the pretenses'is not sufficiently averred.
2. The goods which the accused is alleged to have obtained, are not sufficiently described.
As to the first ground. The false, pretenses alleged are material only in so far as they were operative in causing the vendors to give credit to the accused in his purchase of the goods; and that the pretenses did thus operate must •appear from the facts stated in the indictment.
It is a rule of criminal law, based upon sound principles, that every indictment should contain a complete description of the offense charged. It should set forth the facts constituting the offense, so that the accused may have notice of what he is to meet, and so that the court, applying the law to the facts charged against him, may see that a crime has been committed. Lamberton v. The State, 11 Ohio, 284. “ As to the degree of certainty which is requisite, the indictment must state the facts of the crime with as much certainty as the nature of the case will admit. In a crim *83 inal charge, in the language of Lord Mansfield, there is no latitude of intention to include any thing more than is charged; the charge must be explicit enough to support itself.” 2 Burr. 1127. The People v. Gates, 13 Wend. 317. The want of a direct allegation of any thing material in the description of the substance, nature or manner of the crime, can not be supplied by any intendment or implication whatsoever. 2 Hawkins, ch. 25, § 60; 1 Archbold Cr. Pr. and PL *85.
In considering the sufficiency of the indictment in the light of these principles, we must assume that the representations charged to have been made by the accused are true, except to the extent that their truth is denied. To constitute a false pretense there must be a representation of facts which is untrue. Regarding, therefore,- the representations set out in the indictment as true, except in so far as their truth is denied, the indictment shows no false pretenses which can reasonably be supposed to have operated as the means by which the accused obtained the goods on credit. There is no negation of the first pretense or representation set out in the indictment, even in form. The other representations are denied to be literally true; but their substantial truth as a means of obtaining credit by showing the ability of the accused to pay for the goods he purr chased, is not denied. The negations are in the nature of negatives pregnant, and involve or admit an implication, •which, considering the nature and object of the representations, destroys or renders their effect immaterial.
As to the second ground. The particular time laid in the indictment is not material, nor is it necessary that the goods should be of the value stated. The only description of the goods, therefore, contained in the indictment, is “a certain lot of dry goods;” and the question is whether this description is sufficient. We think it is not.
It is laid down that .the same rules are applicable to the description of the property in a charge for obtaining goods by false pretenses, as in larceny. 2 Wharton C. L. § 2155; *84 Wharton Pree. Inch (529), note 1. The same reasons for accuracy and particularity of description exist in both cases, and we think both are governed by the same rules.
The rule is thus stated by Russell: “ The same certainty is required in an indictment for stealing goods as in trespass for goods, and rather more certainty; for what will be a defect of certainty in a declaration will be much more defective in an indictment. . . . The property itself must be accurately described; it is not, therefore, sufficient to say that the prisoner stole the goods and chattels of B., without showing what goods and chattels in certain — as one horse, one ox, etc. So an indictment charging the stealing of ‘ one hundred articles of household furniture ’ would be bad.” 2 Russell on Crimes, *118. See also 1 Wharton C. L., §§ 854, 355.
The goods should be described with such certainty as will enable the jury to decide whether the chattel proved to have been stolen is the very same with that upon which the indictment is founded, and enable the defendant to plead his acquittal or conviction to a subsequent indictment relating to the same chattel. Archbold Grim. Prac. & PI. (8 ed.) 1145; Starkie Grim. PI. 213.
We are aware that under the code of criminal procedure (74 Ohio L., § 4), no indictment is to be deemed invalid for any “ defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits.” But we are not prepared to say that such a lumping, indefinite description of the goods as is here laid does not tend to the prejudice of the accused. Dry goods is a generic term, and embraces an indefinite number of species or classes of goods; and there is no reason why the accused should not have had the benefit of a more specific description. Any lot of dry goods obtained from Shillito & Co. at any time would answer the description in the indictment.
Judgment reversed, demurrer to the indictment sustained, and the discharge of the plaintiff in error ordered